**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CV-62403-ALTMAN/STRAUSS**

**JORGE GONZALEZ,**

Plaintiff,

v.

**SEABEST, INC. d/b/a SOUTH BAY SEAFOOD AND SOUTH BAY CLAMS,**

Defendant.

______________________________/

# REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** came before the Court upon Defendant's Motion for Summary Judgment ("Motion") [DE 25]. This case has been referred to me, pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all action as required by law on the Motion. [DE 35–36]. I have reviewed the Motion, the Response [DE 30] and Reply [DE 32] thereto, all other summary judgment materials, and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED-IN-PART and DENIED-IN-PART**.

## BACKGROUND

Defendant purchases fish from other countries and delivers the fish, once processed, to customers in Miami. Def.'s Statement of Material Facts ("DSMF") [DE 26] ¶ 2 (undisputed). Plaintiff was an independent contractor working as a delivery driver for Defendant. *Id.* ¶ 4 (undisputed). Defendant is a New York based company who at the time of Plaintiff's employment employed two individuals in Miami, Claudia Venturo ("Venturo") and Yamilet Bellido De Luna

("Luna"). *Id.* ¶ 3 (undisputed). Those individuals retained the roles of manager and sales manager and worked from home. *Compare id.*, *with* Pl.'s Statement of Material Facts ("PSMF") [DE 29] ¶ 3; Claudia Venturo Dep. 46:4–48:2. Defendant then hired two independent contractors, Plaintiff and Yosmel Velos ("Velos"), as delivery drivers. DSMF ¶ 4 (undisputed); PSMF ¶ 9 (undisputed as to Velos' role and last name). The trucks that Plaintiff and Velos drove while making deliveries belong to Defendant. DSMF ¶¶ 4, 6 (undisputed).

Prior to delivery, a third-party processing company named Rank processes and handles the fish at the Rank facility. DSMF ¶ 5 (undisputed). Rank personnel unload, ice, and compile the fish into boxes and pallets and then load them into Defendant's trucks so that its drivers can then begin their deliveries. *Id.* ¶ 5 (undisputed). Defendant parks and stores its two trucks at Rank's facility. *Id.* ¶ 6 (undisputed). Every morning while loading Defendant's trucks, Rank employees poke holes in the boxes of fish to prevent spoilage, which causes blood and ice to accumulate on the floor of the truck throughout the day. *Id.* ¶ 7 (undisputed). Defendant was aware that Rank employees poke holes in the boxes of fish which leads to the drainage of water and blood onto the floor of the trucks. Pl.'s Additional Facts ("PAF") [DE 29] ¶ 4 (undisputed).

Plaintiff occasionally loaded boxes of fish into the truck himself or observed Rank employees load the boxes into the truck. DSMF ¶ 8 (undisputed). As part of the delivery process, Plaintiff would walk into the back of the truck to unload the boxes of fish at their destinations. *Id.* ¶ 9 (undisputed). While Plaintiff delivered the boxes of fish, he would rearrange the remaining boxes of fish in the back of the truck as necessary. *Id.* ¶ 10 (undisputed). Plaintiff knew that there would always be blood and water on the floor of the truck during his afternoon deliveries. *Id.* ¶ 11 (undisputed).

In January 2021, Plaintiff slipped and fell while working in the cargo area of one of Defendant's trucks because of the liquid substances on the floor. DSMF ¶ 21 (undisputed); [DE 26-2] at 6. Plaintiff then filed a complaint in state court alleging Defendant's negligence caused his injuries which Defendant then removed to this Court. DSMF ¶¶ 22–23 (undisputed).

**LEGAL STANDARD**

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, it is the moving party's "burden to demonstrate the basis for its motion, and [it] must identify the portions of the record 'which it believes demonstrates the absence of a genuine issue of material fact.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The movant may meet this burden by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element of the case." *Id.*; *see also Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (The movant may satisfy its burden "by 'showing' or 'pointing out' to the Court that there is an absence of evidence to support the non-moving party's case"). Provided that the moving party meets its burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Hornsby-Culpepper*, 906 F.3d at 1311–12.

To establish a dispute of fact sufficient to avoid the entry of summary judgment, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *A.L. ex rel. D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018). "However, a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004). Nevertheless, courts "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997). Moreover, all reasonable doubts regarding the facts must be resolved in favor of the non-moving party. *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008).

## ANALYSIS

Plaintiff alleges a single claim of negligence. To establish a negligence claim, Plaintiff must show that Defendant owed Plaintiff a duty, Defendant breached that duty, Defendant's actions were the cause Plaintiff's injuries, and Plaintiff sustained damages. *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012). Defendant moves for summary judgment on three grounds. First, Defendant argues that it did not owe Plaintiff a duty of care because Defendant did not create the alleged dangerous condition that caused Plaintiff's fall. Second, Defendant contends that, should the Court find that Defendant created the alleged dangerous condition, the condition was ever-present, and Plaintiff had actual and superior knowledge of the condition, thus negating Defendant's duty to warn. Finally, Defendant maintains that Plaintiff's actions constituted an independent intervening cause, thereby breaking the chain of causation and preventing Plaintiff from ever establishing proximate cause.

**A. Defendant's Duty to Plaintiff**

Defendant did owe Plaintiff a duty of care. Plaintiff was an invitee of Defendant. "[A]n invitee is one 'who enters upon the premises of another for purposes connected with the business of the owner or occupant of the premises.'" *Post v. Lunney*, 261 So. 2d 146, 147–48 (Fla. 1972) (quoting *City of Boca Raton v. Mattef*, 91 So. 2d 644, 648 (Fla. 1956)). Under long-standing Florida law, "[a]n independent contractor has the status of a business visitor, or invitee, upon the premises." *Hall v. Holland*, 47 So. 2d 889, 891 (Fla. 1950); *see also Quinnelly v. S. Maid Syrup Co.*, 164 So. 2d 240, 241–42 (Fla. 2d DCA 1964); *Pertl v. Exit Info. Guide, Inc.*, 708 So. 2d 956, 957 (Fla. 1st DCA 1997); *Morales v. Weil*, 44 So. 3d 173, 177–79 (Fla. 4th DCA 2010). A property owner owes an invitee "the duty to use reasonable care in maintaining the property in a reasonably safe condition," and "the duty to warn of latent or concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care." *Grimes v. Fam. Dollar Stores of Fla., Inc.*, 194 So. 3d 424, 427 (Fla. 3d DCA 2016); *see also Paul v. Sea Watch of Panama City Beach, Inc.*, 643 So. 2d 665, 667 (Fla. 1st DCA 1994); *Fisher v. United States*, 995 F.3d 1266, 1270 n.4 (11th Cir. 2021).

Defendant asserts that this duty to invitees is only owed by landowners to those invited onto real property. In other words, because Plaintiff slipped and fell in the back of Defendant's truck, which is personal property rather than real property, Defendant argues that it owed no duty to maintain the property in a reasonably safe condition nor warn against latent dangers. [DE 32] at 2.[1] In support of its proposition, Defendant cites to Black's Law Dictionary for the definition

---

[1] Plaintiff's complaint alleges facts necessary to bring forth a premises liability claim. "A premises liability claim is a 'negligence claim with the added elements of possession/control of the premises, and notice of the dangerous condition.'" *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 128 (Fla. 4th DCA 2020) (quoting *Bechtel Corp. v. Batchelor*, 250 So. 3d 187, 200 (Fla. 3d DCA 2018) (Emas, J., dissenting)). Plaintiff's complaint alleges that Defendant knew or should have known

of "real property" and cites to a Supreme Court case characterizing vehicles as personal property for purpose of identifying residential income tax assessments. *Id.* But Defendant does not cite any law standing for the proposition that the duty owed to invitees is limited to invitees onto real property or that it cannot extend to those invited into personal property, such as vehicles. To be fair, as Defendant argues, the only cases Plaintiff cites in support of the duty owed to an invitee all involve real property. And, the Court has not identified any binding Florida case law squarely addressing the issue.

While the facts of this case appear to be novel to binding Florida case law, other courts have at least suggested that the duty to invitees would extend to invitees on personal property such as trailers, trucks, and other vehicles. First, in *Waters v. Rockana Carriers, Inc.*, 171 So. 2d 57 (Fla. 1st DCA 1965), the plaintiff, an employee of a fertilizer spreader company, climbed on top a trailer belonging to the defendant (a different company) to help defendant's employee unload fertilizer into a fertilizer spreader truck. *Id.* at 58. The defendant's employee had positioned the trailer underneath a low-hanging high tension electric power line. *Id.* While on top of the trailer, the plaintiff raised a metal poll above his head which struck a power line causing him to suffer serious injuries. *Id.* at 58–59. The plaintiff sued the defendant for negligence. *Id.* at 59. Florida's First District Court of Appeal assumed, without deciding, "that appellant occupied the status of business invitee when he climbed aboard appellee's trailer immediately prior to the time of his injury," thus triggering defendant's duty to maintain the premises in a reasonably safe condition and warn of concealed perils. *Id.* at 60.

---

of the dangerous condition and that Defendant owned the truck in question and failed to maintain the vehicle. *See* [DE 1] at 8–10. Yet Defendant's Motion does not address the concept of premises liability, other than in an off-hand remark, asserting that Plaintiff is not bringing the instant case under a theory of premises liability, in the context of resisting a duty to warn. [DE 25] at 9. Instead, Defendant's argument against premises liability appears only in a single paragraph in its Reply.

Second, in *Fontenot v. FedEx Group Package System, Inc.*, 146 F. App'x 731 (5th Cir. 2005), an independent contractor for FedEx owned several trucks that he used to make deliveries for FedEx. *Id.* at 732. The contractor would park his trucks overnight at a FedEx facility and the FedEx employees would load the items into his truck. *Id.* 732–33. One day, the FedEx employees put heavy items on high shelves in one of his trucks, and the contractor injured himself trying to bring them down for deliveries. *Id.* at 733. On appeal, the Fifth Circuit (applying Texas law) agreed with the contractor that his claim against FedEx was not based on premises liability, but instead, on common law negligence. *Id.* However, in dicta, the Fifth Circuit observed that if the roles were reversed, the contractor (who owned the truck) could be held liable under a theory of premises liability if a FedEx employee, while loading boxes into the contractor's truck, slipped and fell on a slick oily area on the back floor of the truck which the contractor negligently allowed to remain there. *Id.* at 734.

Finally, in *Williams v. National Freight, Inc.*, 455 F. Supp. 2d 1335 (M.D. Fla. 2006), the plaintiff was operating a forklift inside a trailer that the defendant owned and operated. *Id.* at 1336. While operating the forklift, a section of the trailer's wooden floorboards collapsed, jolting the forklift, and causing the plaintiff to be thrown off. *Id.* The defendant attempted to dismiss the action, contending that the plaintiff was not defendant's invitee. *Id.* The court denied the request. *Id*. at 1337. While acknowledging that the plaintiff's complaint may be based on a novel set of facts under Florida law, the court cited to several cases throughout the country where courts denied summary judgment on similar facts. *Id.*; *see also Butera v. Schaefer*, 674 N.Y.S.2d 249, 250–51 (N.Y. App. Div. 1998) (reversing lower court's order granting defendant's summary judgment motion where plaintiff suffered injuries after his foot went through the floor of a trailer that defendant provided); *Pozzie v. Mike Smith, Inc.*, 337 N.E.2d 450, 451–54 (Ill. App. Ct. 1975)

(directing trial court to enter judgment against defendant where plaintiff suffered injuries when plaintiff's forklift fell through a hole within defendant's trailer); *Gibbs v. ShuttleKing, Inc.*, 162 S.W.3d 603, 613 (Tex. App. 2005) (finding that bus utilized by a transportation company was sufficiently similar to a "premises" despite not constituting real property because defendant used it as an asset in its business).

None of these cases offers thorough analysis, much less a binding, conclusive answer to whether a theory of premises liability, and the consequent duty owed to an invitee, may apply to personal property. However, they all suggest that such application is at least plausible in a case like this one. Moreover, application of the duty owed to invitees makes sense in these circumstances. Defendant owned the vehicle, used it to further its business activities, and provided it as a workplace for Plaintiff. It is unclear why Defendant's duty to maintain this property in reasonably safe condition should be any different because this workplace was a vehicle as opposed to, say, a warehouse. And, importantly, Defendant has offered neither argument nor authority explaining why its duty is or should be different based on the distinction between real and personal property. Thus, I find Plaintiff, as an independent contractor, was an invitee and Defendant had a duty "to use reasonable care in maintaining the [truck] in a reasonably safe condition," and a "duty to warn of latent or concealed dangers which are or should be known to" it and which are unknown to Plaintiff and cannot be discovered through the exercise of due care. *Grimes*, 194 So. 3d at 427.

**B. Plaintiff's Superior Knowledge**

Defendant's duty to Plaintiff to use reasonable care in maintaining its truck in a reasonably safe condition and to warn of latent or concealed dangers which are or should be known to it as the owner can be abrogated under certain circumstances. "Where the danger is obvious and apparent or the invitee otherwise has knowledge of the danger which is equal to or superior to the

owner's knowledge, the owner has no duty to warn of it." *Stewart v. Boho, Inc.*, 493 So. 2d 95, 96 (Fla. 4th DCA 1986); *see also Grimes*, 194 So. 3d at 427.

However, even if the danger is obvious and apparent, the property owner's duty to maintain the property in a reasonably safe condition remains if the property owner should anticipate the harm despite its obvious and apparent nature. *See Greene v. Twistee Treat USA, LLC*, 302 So. 3d 481, 483 (Fla. 2d DCA 2020) ("[T]here is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent that he may reasonably be expected to discover them.") (quoting *Ashcroft v. Calder Race Course, Inc.*, 492 So. 2d 1309, 1311 (Fla. 1986)); *Dampier v. Morgan Tire & Auto, LLC*, 82 So. 3d 204, 206 (Fla. 5th DCA 2012) ("Other conditions are dangerous, but are so open and obvious that an invitee may be reasonably expected to discover them and to protect himself. The rule applied in these circumstances is to absolve the landowner of liability unless the landowner should anticipate or foresee harm from the dangerous condition despite such knowledge or obviousness.") (citation omitted); *Lotto v. Point E. Two Condo. Corp.*, 702 So. 2d 1361, 1362 (Fla. 3d DCA 1997) ("A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness*.") (quoting *Ashcroft*, 492 So. 2d at 1312).

Here, Defendant correctly argues that it was absolved of its duty to warn Plaintiff about the danger of slipping and falling on fish blood and other liquids in the back of the truck due to the condition's obvious and apparent nature. The parties do not dispute the fact that fish blood and other liquids would accumulate on the floor in the back of the truck every day while Plaintiff made his deliveries. DSMF ¶ 11 (undisputed). Further, the parties agree that Plaintiff knew there would always be blood or water on the floor in the back of the truck every day as he would make his

deliveries. *Id.* (undisputed). Therefore, Defendant did not have a duty to warn of the danger of slipping and falling in the back of the truck due to the fish blood and other liquids because that danger was obvious and apparent, and Plaintiff knew of the danger that was present. *See Dominguez v. Publix Super Markets, Inc.*, 187 So. 3d 892, 894 (Fla. 3d DCA 2016) (finding business had no duty to warn customer of the substance on the floor, which caused her to slip and fall, as it was an open and obvious condition); *Hoag v. Moeller*, 82 So. 2d 138, 139 (Fla. 1955) (holding homeowner did not owe a duty to warn visitor of a slight change in floor levels, which caused her to slip and fall, because such a condition was obvious and not inherently dangerous).

Though the evidence presented leaves no doubt that Defendant did not have to warn Plaintiff about the dangerous condition, there is a genuine issue of material fact as to whether Defendant should have anticipated the harm despite its obvious and apparent nature. Defendant argues that because its only two employees in Miami both worked from home and never saw the trucks, Defendant could have never anticipated, and did not know about, the dangerous conditions inside its trucks. [DE 25] at 9–10. In support, Defendant points to the deposition transcripts of Luna, Venturo, and Robert Sudano ("Sudano") where they state that neither Velos nor any other driver or employer informed them of any slip and fall accidents. [DE 26–1] at 9; [DE 29–1] at 6; [DE 29–2] at 7.

Plaintiff, however, has submitted evidence in opposition to Defendant's Motion indicating that Defendant was told of the dangerous condition and that its drivers previously slipped and fell several times in the back of the trucks. [DE 29–4, 31, 31–1]. Plaintiff provided an affidavit from one of Defendant's previous drivers, Velos, who swore that on several occasions he slipped and fell inside the truck and that he notified Venturo of these falls and the slippery floor. *Id.*

Whether (and when) Defendant knew another employee slipped and fell in a similar manner to Plaintiff is a genuine dispute as to a material fact. Both parties submitted conflicting evidence on the matter through deposition testimony and an affidavit. If Defendant knew about a prior slip and fall accident in one of its trucks, then a jury could determine that it was foreseeable that Plaintiff would suffer a similar injury as well. *See Conrad v. Boat House of Cape Coral, LLC*, 331 So. 3d 857, 862 (Fla. 2d DCA 2021) ("[The] foreseeability issue is usually a factual question for the jury[.]"); *Middleton v. Don Asher & Assocs., Inc.*, 262 So. 3d 870, 873 (Fla. 5th DCA 2019) ("While Appellees may not have owed a duty to warn [Appellant] of the condition of the sidewalk, we do not agree that the obviousness of the condition relieved Appellees of the duty to repair it. Therefore, a factual issue remained as to whether Appellees should have anticipated that, notwithstanding that the condition was obvious, condominium residents would use the sidewalk and proceed to encounter the cracked and uneven concrete, and could be harmed thereby."). If the jury decided Plaintiff's injuries were foreseeable, then Defendant would have had a duty to reasonably maintain its trucks in a safe condition to prevent or lower the risk of slipping and falling despite the obvious and apparent danger of fish blood and other liquid smeared in the back of the truck.

For the foregoing reasons, Defendant did not owe Plaintiff a duty to warn about the possible harm inside the truck. Nevertheless, summary judgment is inappropriate regarding whether Defendant owed, and breached, its duty to maintain its truck in a reasonably safe manner.

**C. Independent Intervening Causes**

Defendant's assertion that Plaintiff's actions were an independent intervening cause that broke the chain of causation stemming from Defendant's negligence is incorrect. "Florida recognizes the general rule that though a person's negligence is a cause in fact of another's loss,

he will not be liable if an act unforeseeable to him and independent of his negligence intervenes to also cause the loss." *Nicholas v. Miami Burglar Alarm Co.*, 339 So. 2d 175, 177 (Fla. 1976). An independent intervening cause supersedes the prior wrong as the proximate cause of a plaintiff's injury. *See Goldberg v. Fla. Power & Light Co.*, 899 So. 2d 1105, 1116 (Fla. 2005). Nonetheless, if the intervening cause is foreseeable, then the original negligent actor could still be liable. *Id.* "The question of whether an intervening cause is foreseeable is for the trier of fact." *Id.*; *see also Powers v. Ryder Truck Rental, Inc.*, 625 So. 2d 979, 981 (Fla. 1st DCA 1993) ("An intervening cause should only be found where the circumstances are highly unusual or bizarre or seem beyond the scope of any fair assessment of danger created by the defendant's negligence.")

In this case, Defendant argues that Plaintiff's own actions were an "independent intervening cause" because Plaintiff failed to use reasonable care in stepping in the area that he knew was slippery and covered in liquid substances. [DE 25] at 10. First, as Plaintiff points out in his Response, Defendant's argument is more akin to a contributory fault analysis under Florida's comparative fault statute rather than an independent intervening cause. *See* § 768.81, Fla. Stat. (2021). If Plaintiff's own actions while working in the back of Defendant's truck played a part or lead to his injuries, then the amount awarded to Plaintiff as economic and noneconomic damages for his injury would be reduced, but his actions would not bar recovery. § 768.81(2), Fla. Stat.

Second, even if I were to apply the principles of Florida's independent intervening cause doctrine to this case, there remains a factual issue that only the trier of fact can resolve. It is undisputed that Defendant knew, prior to Plaintiff's accident, that Rank employees poke holes in the boxes of fish which leads to the drainage of water and blood onto the floor of their trucks. PAF at ¶ 4 (undisputed). Thus, whether Plaintiff's alleged negligent acts of moving the boxes of fish around in the back of the truck as he made deliveries and allowing the liquid substances to

accumulate was unforeseeable, thereby breaking the chain of causation, is a question for the trier of fact to answer.[2] *See Goldberg*, 899 So. 2d at 1116.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 25] be **GRANTED-IN-PART and DENIED-IN-PART as follows:**

**1.** The Motion is granted to the extent that Defendant has conclusively established as a matter of law that it did not owe Plaintiff a duty to warn about the dangerous condition in the back of its truck.

**2.** The Motion should otherwise be denied in all other respects.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except for plain error if necessary in the interests of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

[2] The parties dispute whether it was Plaintiff's job to clean the truck at the end of his shift. Defendant points to a portion of Plaintiff's deposition where he admitted that, on occasion, he would clean the back of the truck. *See* [DE 26–2] at 18–20. However, Plaintiff points out that just a few lines later in his deposition he clarified that he would only wash the truck when the smell from the fish became too strong or when flies started to appear throughout the truck. *Id.* at 19–22. Additionally, during that same deposition, Plaintiff explained that he did not wash the truck after each use because Defendant did not pay him to wash the truck. *Id.* at 21–23. Defendant suggests that Plaintiff's failure to clean the truck partially led to Plaintiff's injuries. Regardless, the extent to which Plaintiff had a responsibility to clean to truck is disputed, and the extent to which his failure to clean the truck caused his slip, are questions best left to the trier of fact.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 25th day of March 2024.

**Jared M. Strauss**
**United States Magistrate Judge**